RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 4/25/11

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

**JASON CHAD REDDITT (#17343-076)**     DOCKET NO. 10-CV-1929; SEC. P

**VERSUS**     JUDGE DEE D. DRELL

**W.A. SHERROD**     MAGISTRATE JUDGE JAMES D. KIRK

## REPORT AND RECOMMENDATION

Pro se petitioner Jason Chad Reddit, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. Petitioner is an inmate in the custody of the Bureau of Prisons, incarcerated that the United States Penitentiary, Pollock, Louisiana. He attacks the sentence imposed on him for a 2001 conviction in the United States District Court for the Western District of Tennessee (2:00-cr-20082).

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DENIED AND DISMISSED**.

### Background

In May 2000, Petitioner was charged with eight criminal counts arising out of three separate carjackings. On October 16, 2001, Redditt was found guilty by a jury of seven of the eight counts, including the three carjackings in violation of 18 U.S.C. §2119. In connection with *each separate carjacking*, Redditt was also charged with and convicted of using or carrying a firearm, or

possessing a firearm in furtherance of a crime, in violation of 18 U.S.C. §924(c). Redditt was sentenced to 180 months, running concurrently, on each of the three §2119 carjacking offenses. He was also sentenced to eighty-four (84) months, 300 months, and 300 months for each §924(c) weapons violation pertaining to each carjacking. These §924(c) sentences run consecutively to each other and to the sentences for the substantive carjacking offenses.

### Law and Analysis

Habeas corpus petitions filed pursuant to 28 U.S.C. §2241 are generally used to challenge the *manner* in which a sentence is executed. See Warren v. Miles, 230 F.3d 688, 694 (5th Cir. 2000). On the other hand, a Motion to Vacate Sentence filed pursuant to 28 U.S.C. §2255 allows federal inmates to collaterally attack the legality of their convictions or sentences. See Cox v. Warden, Fed. Det. Ctr., 911 F.2d 1111, 1113 (5th Cir.1990). Here, Petitioner collaterally attacks the legality of his sentence.

Federal prisoners may use §2241 to challenge the legality of their convictions or sentences only if they satisfy the §2255 "savings clause." See Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir. 2001). The "savings clause" provides that a federal convict may file a writ of *habeas corpus* pursuant to §2241 if the §2255 remedy is "inadequate or ineffective to test the legality of his detention." See 28 U.S.C. §2255. A prisoner seeking such relief under the "savings clause" must establish that:

(1) his claim is based on a retroactively applicable Supreme Court decision establishing that he may have been convicted of a nonexistent offense, and (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion. See Reyes-Requena, 243 F.3d at 904. Such Petitioners bear the burden of demonstrating that the §2255 remedy is inadequate or ineffective. See Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir.2001); Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000). The fact that a prior §2255 motion was unsuccessful, or that the petitioner is unable to meet the statute's second or successive requirement, does not make §2255 inadequate or ineffective. See Jeffers, 253 F.3d at 830; Toliver v. Dobre, 211 F.3d 876, 878 (5th Cir. 2000).

Petitioner filed a §2255 motion, which was dismissed as untimely. [2:05-cv-02680, Western District of Tennessee] Thereafter, he filed a §2241 motion, which was denied as Petitioner failed to demonstrate that the §2255 remedy was inadequate or ineffective. [7:07-cv-00356, Western District of Virginia] Petitioner filed this §2241 petition claiming that the §2255 remedy was inadequate or ineffective in light of the Supreme Court's decision in Abbott v. U.S., 131 S.Ct. 18 (2010).

The Abbott defendants argued that, as a matter of statutory interpretation, their §924(c) minimums need not have been imposed consecutively to their other, longer minimums. The defendants

3

relied on the prefatory language to 924(c): "Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law...", arguing that §924(c) does not apply if there is another longer mandatory minium that applies to the same conduct. The <u>Abbott</u> Court, however, adopted the government's argument and held that a defendant is subject to a **mandatory, consecutive sentence under 924(c)** and is not spared from that sentence by virtue of receiving a higher mandatory minimum sentence on a different count of conviction, unless another statute imposes an even greater mandatory minimum sentence that embodies **all** elements of using, carrying, or possessing firearm in connection with crime of violence or drug trafficking crime.

In this case, Petitioner argues that the imposition of 84 months on the first 924(c) conviction, then 300 months on the second and third 924(c) convictions violated 924(c) "except clause." This was the same argument made by defendants that failed in <u>Abbott</u>. Here, Petitioner was convicted and sentenced for three separate carjackings: (1) January 7, 2000, involving the brandishing of a pistol; (2) January 13, 2000, involving the discharge of a firearm; and (3) January 17, 2000, involving the brandishing of a firearm. First, a carjacking (§2119) does not necessarily involve the use of a firearm (§924(c)); thus, the two crimes do not include the same elements. Therefore, Petitioner is

subject to consecutive sentences under 924(c).

In short, Petitioner has failed to show that <u>Abbott</u> spares him of consecutive sentences or 924(c) convictions/sentences for each carjacking.

The Court has given Reddick's petition preliminary consideration pursuant to 28 U.S.C. § 2243[1] and Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts,[2] which is applicable to §2241 petitions under Rule 1(b).[3] According to Rule 4, a district court may dismiss an application for habeas corpus relief "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."[4] Such is the case in the captioned matter.

Accordingly,

**IT IS RECOMMENDED** that the Petition for Writ of Habeas Corpus be **DENIED AND DISMISSED with prejudice.**

**Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and**

---

[1] 28 U.S.C. § 2243 (West 2010) ("A court ... entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.").

[2] 28 U.S.C. § 2254 PROC. R. 4 (West 2010).

[3] See id. at PROC. R. 1(b) ("The district court may apply any or all of these rules to a habeas petition not covered by Rule 1(a).").

[4] Id. at PROC. R. 4.

recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglas v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

Thus done and signed at Alexandria, Louisiana, this 25th day of April, 2011.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE